E. Barney Gesas (1179)
THE LAW OFFICE OF E. BARNEY GESAS PLLC
125 N. T Street, No. 1
Salt Lake City, Utah 84103
Telephone: 801.537.4772
*ebgesas@gesaslaw.com*
*Attorney for Anson Calder, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANSON CALDER, LLC<br><br>      Plaintiff<br><br>    v.<br><br>BAY SHORE MOVING & STORAGE;INC.; GODFREY TRUCKING, INC.; YORK RISK SERVICES GROUP, INC. and JOHN/JANE DOES INSURANCE COMPANIES AND AGENTS,<br><br>      Defendants. | **RESPONSE IN OPPOSITION TO MOTION TO DISMISS**<br><br>Case No. 2:18-cv-00571<br><br>Magistrate Judge Evelyn J. Furse<br><br>(Request For Oral Argument) |

  Plaintiff Anson Calder, LLC **(AC)** responds to the defendant's Godfrey Trucking, Inc's **(Godfrey)** Rule 12 of the Federal Rules of civil Procedure and DUCR7-1, Motion to Dismiss.

### RELIEF REQUESTED

  AC respectfully requests the Court to deny Godfrey's Motion To Dismiss on the following grounds: (1) Under the Rule 12(b)(6) standards and a fair reading of the AC's complaint First Cause Of Action for a Declaratory Judgment concerning the issue of whether there is available insurance coverage as to AAC's factual allegations, this court has subject matter jurisdiction; (2) There is a meritorious claim asserted by AC under the Utah Declaratory Judgment Act (citation)

involving the named defendants that is consistent with and is not barred by the Carmack Amendment, 49 U.S.C. §§13101 *et see.*( **the ACT)** relied upon by Godfrey to support its motion; (3) The well pled facts in AC's complaint and all reasonable inferences therefrom under Rule 12(6) and applicable law disfavor a dismissal at this stage in the proceedings, where all parties have not filed responsive pleadings; and (4) The August 14th, 2018 Declaration of Curtis Calder, AC's CEO, filed conncurently with and in support of this response.

In the alternative AC requests it be granted by the court ten (10) business days, under Rule 15 of the Federal Rules of Civil Procedure, to file an amended complaint alleging in particularity its claims under and in compliance with the ACT and 49 U.S.C. A. § 14706 (a)(1)(2)(Liability of carriers and freight forwarders under receipts and bills of lading).

**STANDARD OF REVIEW**

AC does not dispute Godfrey's "STANDARD OR REVIEW" section of its supporting memorandum set forth on page 3.

ARGUMENT

AC does not dispute Godfrey's legal argument in part relying on the Act as being well settled law and applicable to the Second Cause of Action (Breach of Contract) and Third Cause of Action (Breach of the Implied covenant of Good Faith and Fair Dealing). However, the Act does not preclude a shipper from asserting damage claims against Godfrey as it does here.

Godfrey's own legal arguments in support of its motion to dismiss under the Act concede by legal citations to the Act, United States Supreme Court, controlling Tenth Circuit Court, the United States District Court for the District Court of Utah and other federal jurisdictions

addressing the ACT, make clear AC has a legal right and remedy to support its claims against Godfrey and the other named defendants. *See* legal authorities cited in Godfrey's Motion to Dismiss pages 3-6.

The Carmack Amendment was passed by Congress to standardize inter-state motor carrier transportation claims by shippers. *Adams Express Co. v. Croninger,* 226 U.S. 491. 505 (citing *S. Pac. Co. v. Crenshaw Bros.,* 5 Ga. App. 675 (1909)). It was never intended to preclude a shipper a right to assert damage claims against a carrier under the ACT. *Choate v. Champion Home Builders Co.,* 222 F.3d 778,791 (10th Cir. 2000)(citatations omitted). *Underwriters at Lloyds of London v. N. Van Lines,* 890 F.2d 1112,1115-18 (10th Cir. 1989).

AC acknowledges the Supreme Court and the Tenth Circuit make clear "an interstate shipper's *sole* remedy against a common carrier for damages to goods is found in the Carmack Amendment. *Margetson v. United Van Lines, Inc.,* 785 F. Supp. 917, 919-20 (D.N.M. 1991(emphasis added). It is equally plain the ACT does provide AC a judicial remedy for seeking damages against the defendants in this Court.

## CONCLUSION

AC  requests this court deny Godfrey's Motion To Dismiss, or in the alternative grant AC up to ten (10) business days leave to file an amended complaint to plead with specificity it's claims against godfrey and the named defendants under the ACT.

## REQUEST FOR ORAL ARGUMENT

Oral argument on Godfrey's motion To dismiss is respectfully request since it is a dispositive motion .

3

Dated this 14th day of August, 2018

          Respectfully,

          */s/ E. Barney Gesas*
          E. Barney Gesas
          *Attorney for Anson Calder, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **RESPONSE IN OPPOSITION TO MOTION TO DISMISS** I caused a true and correct copy of the forgoing following by electronic filing or U.S. Mail:

Gary T. Wight
Smith D. Monson
Kipp and Christian, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, UT 84111
gwight@kippandchristian.com
smonson@kippandchristian.com
*Attorneys for Godfrey Trucking, Inc.*

Mark A. Nickel
Gordon & Rees
222 Main Street, 5th Floor
Salt Lake City, UT 84101
mnickel@grsm.com
*Attorneys for York Risk Management*

Bay Shore Moving and Storage, Inc.
Attn: Brenda Brooks, Claims Manager
One Corporate Drive
Hauppauge, NY 11788

THIS 14th day of  August 2018

/s/ E. Barney Gesas