E. Barney Gesas (1179)
THE LAW OFFICE OF E. BARNEY GESAS PLLC
125 N. T Street, No. 1
Salt Lake City, Utah 84103
Telephone: 801.537.4772
*ebgesas@gesaslaw.com*
*Attorneys for Anson Calder, LLC*

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANSON CALDER, LLC <br><br> Plaintiff <br><br> v. <br><br> BAY SHORE MOVING & STORAGE;INC.; GODFREY TRUCKING, INC.; YORK RISK SERVICES GROUP, INC. and JOHN/JANE DOES INSURANCE COMPANIES AND AGENTS, <br><br> Defendants. | **DECLARATION OF CURTIS CALDER** <br><br><br> Case No. 2:18-cv-00571 <br><br> Magistrate Judge Evelyn J. Furse |

Curtis Calder declares under penalties of perjury the following facts:

1. At all times relevant to the claims asserted in this case by Anson Calder ("**AC**"), I have served as the CEO and one of the principal owners of the company. AC is a Utah limited liability company and has relocated its headquarters in the first quarter of the 2018 from Manhattan, New York to Salt Lake City, Utah.

2. On or about May 5, 2017 AC entered into a transportation contract with Bay Shore Moving and Storage, Inc. (**Bay Shore**) and an "**Advice of Coverage**" for insurance by Bay Shore's insurance carrier for coverage and protection of the real property and personal goods to be

loaded and transported from New York, New York to Las Vegas, Nevada by Bay Shore. The

Advice of Coverage required insurance coverage of the to-be-transported personal business

property and inventory of a required fair market value of $200,000, less a $1,500.00 deductible. A

copy of the Advice of Coverage is attached as **Exhibit A**.

      3.      AC on or about May 3, 2017, also entered into a transporation contract with

Godfrey Trucking, Inc. ("**Godfrey**") acting as a licensed and authorized interstate trucking broker,

to engage its services to tranport AC's various goods, inventory and display equipment from New

York, New York to Las Vegas, Nevada for installation, display and sales. AC had prior contractual

experience with Godfrey in transporting its various custom display furniture and store fronts built

by Fetzer Woodworking, located in Salt Lake City, Utah, which resulted in a commercially

positive transporation result for AC.

      4.      On information and belief, on or about May 5, 2018, Godfrey and Bay Shore were

in regular communication concerning the details and execution of the contract for transporation

services to pack, protect and load and move AC's property located at 185 Greenwich Street, New

York, NY 10007 to Bay Shore's warehouse in Hauppauge, New York; and then to load AC's

property onto the interstate mover's truck for transporting the contracted for items to Las Vegas,

NV.

      5.      Prior to Bay Shore undertaking the transportation of AC's goods to Las Vegas

Godfrey required AC to sign a specific bill of lading, inventory of all goods to be shipped and a

declared value, which was $200,000. A copy of this document has been attached to this

Declaration as **Exhibit B**.

      6.      In the course of Bay Shore's employees performing the foregoing tasks, AC's

2

property, including its critical store front display of custom built furniture, sustained significant damage caused by the result of Bay Shore's employees mishandling and inadequately packing and protecting AC's furniture and fixtures at the time of packing and loading in New York, New York.

7.      I, together with two of AC's employees, personally observed the foregoing damaged furniture and fixtures on the truck before the unloading process. We could not see the goods at the time of their loading in Hauppauge, New York prior to transport. Further, I could not see the full extent of the damage until the goods were actually fully removed and unwrapped during the unloading process in Las Vegas, Nevada.

8.      Under AC's contracts with Bay Shore and Godfrey, and upon AC's agents and employees learning of Bay Shore's damages caused to AC's personal property, including but not limited to the store front display and inventory displays, loaded and transported by Bay Shore to Las Vegas, Nevada, AC notified both Bay Shore and Godfrey of the damaged transported goods as required under AC's contracts with Bay Shore and Godfrey. It is reasonable and conceivable to me that some of the damages to AC's goods were caused by Bay Shore when unloading AC's transported goods for storage in its Hauppauge, New York facilities and/or when loading AC's transported goods onto the truck for transporation by Godfrey to Las Vegas, Nevada.

9.      Upon learning of the above damaged transported goods by Bay Shore, I signed a claim under the Uniform Household Bill of Lading form and transmitted it to Bay Shore declaring the loss value of the shipment. A copy of Bay Shore's May, 2017 letter and attached referenced bill of lading claim form are attached as **Exhibit C**.

10.      Prior to the filing of this action, both Bay Shore and Godfrey have either asserted,

3

denied or blamed each other for the various documented damages of AC's transported high-end store display furniture, products and inventory from New York, New York to Las Vegas, Nevada. The foregoing damages are documented by AC by taking photographs during the course of unloading the transported goods by Bay Shore to Las Vegas. Some of the damages to AC's store displays consisted of custom made wood, falling off pieces during the careful unloading process, suggest to me that Bay Shore knew or should have known of the damages it caused to the transported goods at the time of storage and loading in New York.

11.    AC has repeatedly asserted against and otherwise informed Bay Shore, Godfrey and York in writing its damages, supplied by AC in numerous e-mails and photographs to Bay Shore, Godfrey and ultimately York by and through AC's New York legal counsel, caused at the outset of Bay Shore's loading and transporting AC's various store displays and inventory in New York.

12.    I personally believe based upon my inspection of the transported goods listed in the May 8, 2017 bill of lading, attached to this Declaration as Exhibit B, which specifically inventories the major damage to part of AC's goods to be transported by Bay Shore, were or should have been observed during loading, all of which has been denied by Bay Shore and York.

13.    AC discovered part of the significant and irreparable damages to some of the pieces prior to unloading the truck at the final Las Vegas destination. The magnitude of the damages to the transported items could not be readily determined because of the depth of volume of the stored and transported goods which could not readily be seen until completion of the entire loading process.

14.     At the time of AC's timely discovery of the damages to the transported contents to Las Vegas by either Godfrey or Bay Shore it received professional repair estimates of costs ranging in the amount of $130,000 to $155,000 provided by Fetzer Woodworking, located in Salt Lake City, Utah, which is the manufacturer of the items transported by Bay Shore to Las Vegas, Nevada.

15.     The foregoing repair costs and damages are estimates only and the exact cost could not be completed based on a time/material basis without further analysis by Fetzer.

16.     A copy of Godfrey's new customer requirements, agreement and related documentation for brokering and arranging for Bay Shore shipping contract for AC is attached to this declaration as **Exhibit D**.

17.     Since the delivery of the damaged goods, AC has had to store all of the damaged display and sales inventory because AC has not had the necessary cash flow and income required to repair the damaged display furniture and inventory, thereby causing AC continuing economic loss of income reasonable foreseeable by Bay Shore and Godfrey.

18.     On or about July 21, 2017 AC retained New York, New York legal counsel, the law offices of Michael W. Goldstein, to make a demand and a claims for damages to furniture and fixtures to Bay Shore arising out of the foregoing alleged damages to AC"s transported properties. A copy Mr. Goldstein's demand letter to Bay Shore is attached as **Exhibit E**. To date Bay Shore and York have denied coverage and have refusted to honor the claims of AC made by and through their New York legal counsel.

19.     A copy of York's denial of coverage is attached as **Exhibit F**. York's denial of

coverage is, in part, based on a claim that Bay Shore's bill of lading for the contracted transportation of AC's personal property, high-end furniture, goods and inventory was not listed with sufficient specificity. At all material and relevant times AC has denied York's foregoing denial of coverage claims.

DATED this __14th__ day of August 2018.


_____
Curtis Calder

**CERTIFICATE OF SERVICE**

6

I hereby certify that a true and correct copy of the foregoing **DECLARATION OF**

**CURTIS CALDER** was sent to the following by email and U.S. Mail on this 14th day of August

2018:

Gary T. Wight
Smith D. Monson
Kipp and Christian, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, UT 84111
gwight@kippandchristian.com
smonson@kippandchristian.com
*Attorneys for Godfrey Trucking, Inc.*

Mark A. Nickel
Gordon & Rees
222 Main Street, 5th Floor
Salt Lake City, UT 84101
mnickel@grsm.com
*Attorneys for York Risk Management*

Bay Shore Moving and Storage, Inc.
Attn: Brenda Brooks, Claims Manager
One Corporate Drive
Hauppauge, NY 11788


/s/ E. Barney Gesas

# EXHIBIT A

## ADVICE OF COVERAGE

**Shipper's Copy**

Name of Customer/Owner of Property: **ANSON CALDER**

Address: **WORLD TRADE CENTER**　　City **NEW YORK**　　State: **NY**　　Zip:

Name of Carrier/Warehouseman: **BAY SHORE  MOVING AND STORAGE INC**

Address: **ONE CORPORATE DRIVE**　　City **HAUPPAUGE**　　State: **NY**　　Zip: **11788**

Obligation assumed only as indicated by an X: (check one)

☑ **PROPERTY IN TRANSIT FROM** *(City/State)*: **NEW YORK**　　　　TO *(City/State)*: **HAUPPAUGE**
DATE MOVING ON OR ABOUT: **5/4/2017**

☑ **PROPERTY IN STORAGE AT:** **BAY SHORE  MOVING AND STORAGE INC**　　(including delivery within 50-mile radius)
**EFFECTIVE FROM:** **5/5/2017**　　　　UNTIL: **TBD ( 5/20/17) UNTIL  P/U BY GODFREY**

**DECLARED VALUE** $ **200000 FVP**　　(This amount is Customer's/Owner's written declaration of the value.) The Carrier's/Warehouseman's maximum liability will not exceed the declared value or $200,000, whichever is less.

**VALUATION.** Valuation shall be based on the clause below marked by ☒ (check one)

☒ **ACTUAL CASH VALUE**

☑ If the valuation stated above is "Actual Cash Value" the Carrier/Warehouseman shall not be liable beyond the actual cash value of the property at the time and place of loss or damage. Such loss or damage shall be ascertained or estimated according to such actual cash value (which includes proper deduction for depreciation) and shall in no event exceed what it would then cost to repair the same with material of like kind and quality.

☐ **REPLACEMENT COST**

☐ If the value stated above is "Replacement Cost" the Carrier/Warehouseman shall not be liable beyond the full cost to repair or replace the property (without deduction for depreciation), subject to the property actually having been repaired or replaced by the Customer/Owner in a reasonable period of time following the loss. The payment shall not exceed, however, the amount actually spent to repair or replace the property for the same use. If not repaired or replaced, the property will be valued at its actual cash value on the date of loss or damage.

Customer/Owner Deductible (if applicable): $ **1500**

In consideration of the charge stated on the warehouse receipt or the bill of lading the Carrier/Warehouseman has, as provided under the terms of its tariff, agreed to assume liability for loss or damage to the goods transported or stored for the Customer/Owner indicated above. This assumption is subject to the following provisions, stipulations and limitations, *and is subject to the terms and conditions of the Carrier Warehouseman's household goods movers insurance policy.*

**COINSURANCE: THE CARRIER/WAREHOUSEMAN SHALL NOT BE LIABLE FOR AN AMOUNT MORE THAN THE DECLARED VALUE  BEARS TO 100% OF THE VALUE (EITHER ACTUAL CASH VALUE OR REPLACEMENT COST AS SELECTED ABOVE) OF THE PROPERTY AT THE TIME OF LOSS OR DAMAGE.**

**OBLIGATIONS ASSUMED**

The Carrier/Warehouseman assumes obligation against all risks of direct physical damage of property covered from any external cause except as hereinafter excluded.

**1.   PROPERTY COVERED BY OBLIGATION:**

This obligation covers personal property of Customers/Owners including but not limited to personal effects and personal property used or to be used in dwellings as a part of the equipment or supply of such dwelling; furniture, fixtures, and/or equipment of stores, offices, museums, hospitals, and similar institutions; articles, including objects of art, displays and exhibits, which because of their unusual nature or value, require specialized handling and equipment, usually employed in moving household goods accepted by the Carrier/Warehouseman for transportation, repositioning, packing or storage which has been declared in a bill of lading or warehouse receipt. However, this obligation does not extend to:

A.   Papers of any kind including, but not limited to, accounts, bills, evidences of debt, letters of credit, passports, deeds, money, notes, securities, philatelic property, drafts, stocks, bonds, tickets, mechanical drawings, blueprints or similar documents.

B.   Items of extraordinary value including, but not limited to, precious metals or stones (or articles manufactured from them), jewelry, watches, or numismatic properties.

C.   Furs or garments trimmed with fur accepted for specific fur storage.

D.   Items of sentimental or emotional value including, but not limited to, photographs, family albums, newspaper clippings and heirlooms having little or no market value.

E.   Live animals, birds, reptiles, eggs, fish, plants or flowers, or other property of a perishable nature.

**2.   EXCLUSIONS AND LIMITATIONS - NO OBLIGATION IS ASSUMED FOR:**

A.   Damage sustained during any cleaning, repairing, restoration or retouching process, unless caused by fire, in which event liability shall be limited to the loss or damage caused by fire;

B.   Spoilage or contents of deep freezers, however caused;

C.   Loss or damage caused by breakage of china, glassware, statuary, bric-a-brac or similar articles of a brittle nature, unless such property is packed by the Carrier/Warehouseman or its duly authorized agent or unless such loss or damage is directly caused by fire, collision, overturn, tornado, cyclone, windstorm or flood;

D.   Loss, damage or expense directly or indirectly caused by, resulting from, contributed to or made worse by Earthquake.  Nor does the Carrier/Warehouseman assume liability for loss, damage or expense directly or indirectly caused by, resulting from, contributed to or made worse by Earthquake. The loss or damage, whether or not dominant, is not assumed even if a covered cause of loss contributes concurrently or in any sequence to the loss or damage;
This exclusion shall not apply to loss or damage caused by or resulting from fire, explosion, smoke or theft which result from Earthquake.

Signed by:　　　　　　　　　　　　　　　　Customer　　　Signed by: **IRFAN NAEEM**　　　Warehouseman

Date Signed:　　　　　　　　　　　　　　　Date Signed: **5/4/2017**

10-0004 11-95

E.   An act, omission, order or default of the Customer/Owner.

F.   Defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein.

G.   Strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder.

H.   Delay, loss of market or use, interruption of business, or any consequential loss extending beyond the direct physical loss or damage.

I.   Mechanical or electrical derangement of television sets, radios, refrigerators, deep freezers, washing machines, dryers, sound recording or playing equipment and parts thereof, personal computers, electronic or mechanical games, or like articles, unless evidenced by external damage to such items.

J.   Any written, verbal or oral assumption of liability over and above that liability so stated in the named Insured's warehouse receipt and storage contract, bill of lading, and Advice of Coverage.

K.   Loss or damage occasioned by wear and tear, dampness of atmosphere, extremes of temperature, deterioration, moths, vermin, inherent vice or damage sustained due to any process or while actually being worked upon and resulting therefrom;

L.   Any fraudulent or dishonest act(s) committed alone or in collusion with others by:

    (1)  any employee, officer, director, partner, trustee, or any other authorized representative of the Customer/Owner, whether or not such act(s) be committed during regular business hours.

    (2)  others to whom the property covered hereunder may be entrusted at the decision of the Customer/Owner (connecting Carriers/Warehousemen for hire excepted).

M.   Losses due to nuclear radiation and war.

**TERRITORY**
This obligation applies while the property is at locations within or while in transit within and between the forty-eight (48) contiguous states of the United States of America, the District of Columbia or the Dominion of Canada.

**DEDUCTIBLE**
Each claim for loss or damage shall be adjusted separately and from the amount of each adjusted claim the sum shown shall be deducted.

## GENERAL CONDITIONS

**MACHINERY**
In case of loss or injury to any part of a machine consisting, when complete for sale or use of several parts the Liability of the Carrier/Warehouse mall shall, in no event, exceed the value of the part lost or damaged.

**PARTIAL LOSS**
In case of loss or of injury to any part of a machine consisting, when complete for sale or use, of several parts, the Carrier/Warehouse man shall, only be liable for the value of the part lost or damaged.

**DEBRIS REMOVAL**
In case of loss of or damage to the property covered hereunder, expenses which may be incurred in the removal of all debris of such property which may be occasioned by loss covered under the terms of this agreement will be paid

**SETTLEMENT OF CLAIMS**
All adjusted claims shall be paid or made good to the Customer/Owner within thirty (30) days after presentation and acceptance of satisfactory proof of interest and loss and any other requested documents to the office of the Carrier/Warehouseman or his agent.  No loss shall be paid hereunder if the Customer/Owner has collected the same from others.

**APPRAISAL**
In the event of disagreement as to the amount of loss, the same shall be ascertained by two competent and disinterested appraisers, the Customer/Owner and the Carrier/Warehouseman selecting one, and the two so chosen shall first select a competent and disinterested appraiser.  The appraisers together shall then estimate and appraise the losses, stating separately the sound value and damage, and failing to agree shall submit the differences to the umpire and the agreement in writing of any two shall determine the amount of such loss.  The parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expense of the appraisal and umpire.

**WAIVER OF CLAIM**
Any act or agreement of the Customer/Owner, whether before or after the occurrence of a loss, waiving or transferring, or tending to defeat or decrease any claim against any person or persons, carrier, vessel, town or other corporation, or any government, shall be a cancellation of the liability of the Carrier/Warehouseman for an account of the loss, damage, average or expense claimed, and all sums paid and incurred by the Carrier/Warehouseman on account of said loss, damage, average or expense, or for the recovery of the same, shall be a lien upon the property hereby covered and recoverable against the Customer/Owner

**CANCELLATION**
This advice may be terminated at any time at the request of the Customer/Owner, or by the Carrier/Warehouseman giving thirty (30) days written notice of such termination.

**ASSIGNMENT**
The advice shall be void if assigned or transferred.

**AGENT**
No person shall be deemed an Agent of the Carrier/Warehouseman unless specifically authorized in writing by the Carrier/Warehouseman

**PROTECTION OF PROPERTY**
In case of loss, it shall be lawful and necessary for the Customer/Owner, his or their factors, servants, and assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery of the property covered hereunder, or any part thereof, without prejudice to this Advice of Coverage, nor shall the acts of the Customer/Owner or the Carrier/Warehouseman, in recovering, saving and preserving the property in case of loss be considered a waiver or acceptance of abandonments.  The expenses so incurred shall be borne by the Customer/Owner and the Carrier/Warehouseman proportionately to the extent of their respective interests

**MISREPRESENTATION AND FRAUD**
This obligation assumed by the Carrier/Warehouseman shall be voided if, whether before or after a loss, the Customer/Owner has concealed or misrepresented any material fact, or circumstances concerning this advice, the property declared, or their interest in the property.

**NOTICE AND PROOF OF LOSS**
The Customer/Owner shall as soon as practicable report in writing to the Carrier/Warehouseman, or its agent, every loss, damage or occurrence which may give cause to a claim under this Advice of Coverage and shall file with the Carrier/Warehouseman or its agent within three (3) months from date of delivery, a detailed sworn proof of loss.  Failure of the Customer/Owner to report said loss or damage or to file sworn proof of loss shall invalidate any and all claims under this Advice of Coverage for such loss.  If you cannot make contact with the moving company, your claim will be referred to the proper adjusting office if you write to:

ClaimGuard, Inc., 215 Shuman Blvd., Suite 400, Naperville, IL 60563

10-0004 11-95

# Godfrey Trucking

6173 West 2100 South
West Valley City, UT 84128
(801) 972-0660
800-444-7669
Fax: 801-808-0767

**NUMBER WHEN REMITTING**

PRO. NO. **216722A**

**Shipper:** BAY SHORE STORAGE          BAYHAU     **Consignee:**
One Corporate Drive
Hauppauge, NY 11788                         Las Vegas, NV 89101

**Bill To:** ANSON CALDER, LLC          ANSNEW
385 S End Ave 7k
New York, NY 10280

| DATE BILLED | DATE SHIPPED | TRACTOR | TRAILER | DRIVER | TYPE | REFERENCE # | TARIFF | ITEM |
|---|---|---|---|---|---|---|---|---|
| 5/15/2017 | 5/8/2017 | 1132 | 53333 | WEBBR | General Commodities | 216722 | UNKNOWN | UNKNOWN |

| DESCRIPTION | BILLING QUANTITY | RATE | CHARGES |
|---|---|---|---|
| Las Vegas, Nv<br>fixtures | | | |
| Freight (flat) | 1 Flat | 4,427.50 Flat | $4,427.50 |
| Fuel Surcharge - Flat | 1 US Dollars | 632.50 Flat | $632.50 |
| O-D/Routed      2570/2570 | | | |
| | | Total | $5,060.00 |

**Remit To:** Godfrey Trucking, Inc.
6173 West 2100 South
West Valley City, UT 84128

Page 1 of 1          **CUSTOMER COPY**

# EXHIBIT B

# UNIFORM STRAIGHT BILL OF LADING
### ORIGINAL - NOT NEGOTIABLE



**287099**

6173 West 2100 South • West Valley City, UT 84128 • (801) 972-0660 • Fax (801) 972-0709
*"Large Enough to Serve You • Small Enough to Care"*

DATE _5/8/17_

| TO:<br>CONSIGNEE | Consignee<br>Phone<br>Number | SR # | 216722 | TO # |
|---|---|---|---|---|

On COD Shipments the letters "COD" must appear before consignee's name.

**STREET**

**DESTINATION**

**CITY/ST/ZIP** _Las Vegas, NV_

**FROM:**
**SHIPPER** _Bayshore Moving & Storage_

**STREET** _1 Corporate Drive_

**ORIGIN**

**CITY/ST/ZIP** _Hauppage, NY_

**FOR PAYMENT, SEND BILL TO:**

**NAME**

**STREET**

**CITY/ST/ZIP**

SHIPPER'S REFERENCE P.O. NO.

**C.O.D.** AMT. $ _____   FEE PPD ☐   COLLECT ☐

Is the customer's check
acceptable for C.O.D.?   If no box checked, the customer's check will not be accepted.

Remit COD to address shown below. Payment must be   YES ☐  NO ☐
Cash, Certified or Cashier's Check or Money Order.

**Freight Charges
are PREPAID
unless marked collect.**

CHECK BOX IF COLLECT ☐

FOR FREIGHT COLLECT SHIPMENTS:
If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement.
The Carrier may decline to make delivery of this shipment without payment of freight and all other lawful charges.

(Signature of Consignor)

**SPECIAL INSTRUCTIONS:**

| NO. SHIPPING UNITS | H/M | KIND OF PACKAGING, DESCRIPTION OF ARTICLES, SPECIAL MARKS & EXCEPTIONS | WEIGHT<br>(SUBJECT TO CORR.) | CLASS | CHARGES |
|---|---|---|---|---|---|
| | | Store Fixtures | | | |
| | | Documented Damages comparing to | | | |
| | | pre-load. Have pictures after | | | |
| | | arrival | | | |

SHIPPER LOAD & COUNT   ☐ INITIALS
YES ☐  NO ☐

* Mark with "X" or "RQ" if appropriate to designate Hazardous Materials or Hazardous Substances as defined in the Department of Transportation Regulations governing the transportation of hazardous materials. The use of this column is an optional method of identifying hazardous materials on bills of lading per Section 172.201 (a) (1) (ii) of Title 49, Code of Federal Regulations. Also, when shipping hazardous materials, the shipper's certification statement prescribed in Section 172.204 (a) of the Federal Regulations, as indicated on this bill of lading, does apply, unless a specific exception from the requirement is provided in the regulations for a particular material.

NOTICE: Freight moving under this bill of lading is subject to tariffs with Federal DOT, Surface Transportation Board, (previously ICC), or filed and maintained at Godfrey Trucking's principle place of business. This notice supersedes and negates any claimed oral or written contract, promise, representation or understanding between the parties except of any written contract signed by both parties to the contract.

GODFREY TRUCKING, INC. LIABILITY: Shipper agrees to limit carrier's liability for loss, damage or other occurrence to .50 cents per pound, per damaged or lost item of cargo. The agreed value on household goods, used machinery, or personal effects does not exceed ten cents (.10) per lb., unless, prior to tender of the shipment to carrier, 1) shipper declares a higher value in the box provided on the bill, and 2) shipper pays an additional charge (as set forth in carrier's tariff); and 3) carrier's authorized agent agrees in writing to transport this shipment after having been notified of the higher declared value (carrier's driver is not an authorized agent for the purpose of this provision). Shipper agrees to indemnify, defend, hold carrier harmless from and against any and all claims in excess of that amount brought by any other parties to the transportation, or persons claiming an interest therein. In the event collection procedures become necessary the shipper or consignee will pay interest at 1.5% per month and all costs of collection including attorney's fees and jurisdiction will be Utah.

NOTE: Shippers are required to state specifically in writing the agreed or declared value of the property. If the value is omitted the shipment will be subject to the lowest actual or released value.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

$ _____   INITIALS

per _____ (# per pound, per article).

Shipper's signature confirms that the above named materials are properly classified, described, packaged, marked and labeled and are in proper condition for transportation, according to the applicable regulations of the Department of Transportation.

| Driver Signature | Trailer No. 53863 | Seal No. | Date: 5/8/17 |
|---|---|---|---|

**SHIPPER NAME** _Victor Padilla_

**SHIPPER SIGNATURE** _____

If signing for skids or pallets, so indicate. If signing for actual number of pieces, so indicate. If signing for SWP STC, so indicate.

CONSIGNEE SIGNATURE X _____ Received in good order, unless otherwise noted   5/8/17   DATE

PRINTED LAST NAME

INTERNAL

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

| | | |
|---|---|---|
| CONTRACTOR OR CARRIER | PAGE NO. | NO. OF PAGES |
| **BAY SHORE MOVING & STORAGE, INC.** AGENT | CARRIER'S REFERENCE NO. | |
| OWNER'S GRADE OR RATING AND NAME | CONTRACT OR GBL. NO. | |
| ORIGIN / AGENT ADDRESS    CITY    STATE | GOVT. SERVICE ORDER NO. | |
| DESTINATION | VAN NUMBER | |

DESCRIPTIVE SYMBOLS    EXCEPTION SYMBOLS    LOCATION SYMBOLS

NOTE: THE OMISSION OF THESE SYMBOLS INDICATES GOOD CONDITION EXCEPT FOR NORMAL WEAR.

| ITEM NO. | CR. REF. | ARTICLES | CONDITION AT ORIGIN | | EXCEPTIONS IF ANY AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|
| 200 | | SM BOX PBO | CU | | | 1 |
| 2 | | SM BOX PBO | CU | | | 2 |
| 3 | | SM BOX PBO | CU | | | 3 |
| 4 | | SM BOX PBO | CU | | | 4 |
| 5 | | SM BOX PBO | CU | | | 5 |
| 6 | | SM BOX PBO | CU | | | 6 |
| 7 | | SM BOX PBO | CU | | | 7 |
| 8 | | SM BOX PBO | CU | | | 8 |
| 9 | | SM BOX PBO | CU | | | 9 |
| 210 | | SM BOX PBO | CU | | | 0 |
| 1 | | SM BOX PBO | CU | | | 1 |
| 2 | | SM BOX PBO | CU | | | 2 |
| 3 | | SM BOX PBO | CU | | | 3 |
| 4 | | SM BOX PBO | CU | | | 4 |
| 5 | | SM BOX PBO | CU | | | 5 |
| 6 | | SM BOX PBO | CU | | | 6 |
| 7 | | SM BOX PBO | CU | | | 7 |
| 8 | | SM BOX PBO | CU | | | 8 |
| 9 | | SM BOX PBO | CU | | | 9 |
| 220 | | Booth Section | 8-9-7-12-CH-SC-8 | | | 0 |
| 1 | | 8-9-SC-6 | 11-8-12-SC-8 | | | 1 |
| 2 | | Booth Section | 5-9-11-17-4-CH | | | 2 |
| 3 | | 8-9-8-17 CH 10-5-2-CH | 12-14-CH | | | 3 |
| 4 | | Booth Section | | | | 4 |
| 5 | | Booth Section | 4-8-8-17 CH, 6-2-11-U-6-CH | | | 5 |
| 6 | | 8-12-4 CH-SC | 5-9-2-7-CH-6-5-9-2-12 SC-8 | | | 6 |
| 7 | | Flat Piece | PBO | CU | | 7 |
| 8 | | Flat Piece | PBO | CU | | 8 |
| 9 | | SM Box | PBO | CU | | 9 |
| 230 | | Flat Piece | DPO | CU | | 0 |

| ITEM NO. | REMARKS/EXCEPTIONS Nobody was there to sign |
|---|---|

**WARNING** → "WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO _____ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS HEREOF AND OF THE STATE OF THE GOODS RECEIVED"

BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

TAPE LOT NO. AA 5094
NOS. FROM 201 THRU 230
TAPE COLOR Green

| | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) | DATE 5-5-17 | | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) | DATE |
|---|---|---|---|---|---|
| AT ORIGIN | OWNER OR AUTHORIZED AGENT (SIGNATURE) | DATE | AT DESTINATION | OWNER OR AUTHORIZED AGENT (SIGNATURE) | DATE |

MILBURN PRINTING • 800-949-6890 • www.milburnprinting.com    FORM 1180-S REV. 5/99

# HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

**BAY SHORE MOVING & STORAGE, INC.**

| | | |
|---|---|---|
| | PAGE NO. | NO. OF PAGES |
| AGENT | CARRIER'S REFERENCE NO. | |
| OWNER'S GRADE OR RATING AND NAME | CONTRACT OR GBL NO. | |
| ORIGIN (LOADING) ADDRESS | CITY | STATE | GOVT. SERVICE, ORDER NO. |
| DESTINATION | VAN NUMBER | |

| ITEM NO. | CTN REF. | ARTICLES | CONDITION AT ORIGIN | | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|
| 23 | 1 | Sm Flat Piece Pad | C-4 | | | 1 |
| | 2 | Sm Flat Piece Pad | C-4 | | | 2 |
| | 3 | Flat Piece Pad | C-4 | | | 3 |
| | 4 | Flat Piece Pad | C-4 | | | 4 |
| | 5 | Flat Piece Pad | C-4 | | | 5 |
| | 6 | Sm bundle Pad | C-4 | | | 6 |
| | 7 | long bundle Pad | C-4 | | | 7 |
| | 8 | med bundle Pad | C-4 | | | 8 |
| | 9 | Booth Section 8-41-12-13 CH,14-5-17-C4 | | | | 9 |
| 24 | 0 | 1-10-14 - V + Sc | | | | 0 |
| | 1 | | | | | 1 |
| | 2 | | | | | 2 |
| | 3 | | | | | 3 |
| | 4 | | | | | 4 |
| | 5 | | | | | 5 |
| | 6 | | | | | 6 |
| | 7 | | | | | 7 |
| | 8 | | | | | 8 |
| | 9 | | | | | 9 |
| | 1 | | | | | 1 |
| | 2 | | | | | 2 |
| | 3 | | | | | 3 |
| | 4 | | | | | 4 |
| | 5 | | | | | 5 |
| | 6 | | | | | 6 |
| | 7 | | | | | 7 |
| | 8 | | | | | 8 |
| | 9 | | | | | 9 |
| | 0 | | | | | 0 |

**ITEM NO. REMARKS/EXCEPTIONS** nobody there to sign

**WARNING** → "WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF THE STATE OF THE GOODS RECEIVED" BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

| | TAPE LOT NO. | TAPE COLOR |
|---|---|---|
| | NOS. FROM 231 THRU 241 | |

| AT ORIGIN | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) | DATE 5-5-17 | AT DESTINATION | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) (SIGNATURE) | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT (SIGNATURE) | DATE | | OWNER OR AUTHORIZED AGENT (SIGNATURE) | DATE |

McBURNEY PRINTING • 800-929-6800 • www.mcburneyprinting.com

FORM 1180-S REV. 5/99

EXHIBIT C

# Bay Shore Moving & Storage, Inc.

One Corporate Drive, Hauppauge, New York 11788
Phone: 631-231-1313    Fax: 631-231-1375
www.bayshoremoving.com

WE HAVE RECEIVED YOUR REPORT OF A CLAIM, AND REGRET THAT YOUR MOVE WITH US WAS NOT HANDLED TO YOUR SATISFACTION.

IN ORDER THAT WE MAY HANDLE AND PROCESS YOUR CLAIM PROPERLY, WE ASK THAT YOU COMPLETE THE ENCLOSED "STANDARD PROOF OF LOSS AND DAMAGE CLAIM FORM" AND RETURN IT TO OUR OFFICE PROMPTLY.

SINCE INCOMPLETE INFORMATION MAY DELAY HANDLING OF YOUR CLAIM, MAY WE SUGGEST THAT YOU MAKE CERTAIN THAT ALL INFORMATION, AS REQUIRED, IS COMPLETE.

PLEASE HAVE YOUR SIGNATURE NOTARIZED, AND UPON RECEIPT OF THE ENCLOSED FORM DULLY COMPLETED, NECESSARY INVESTIGATION OF YOUR CLAIM WILL BE UNDERTAKEN.  PLEASE DO NOT REPAIR –OR- DESTROY ITEMS DAMAGED UNTIL AN INSPECTION IS MADE.  THANK YOU FOR YOUR COOPERATION.

SINCERELY,

BAY SHORE STORAGE WAREHOUSE, INC.

Attachment

go new places.™



## under Uniform Household Good Bill of Lading

Anson Calder LLC
**Name of Claimant**

949-413-5494
**Phone No.**

385 South End Ave Apt 7K  New York, NY 10280
**Current Address**

185 Greenwich Street, New York, NY 10007
**Former Address**

Godfrey Trucking                          5/5/17                          5/12/17
**Name of Carrier**                **Loading Date**                **Delivery Date**

6173 West 2100 South West Valley City, UT 84128
**Address of Carrier**

Yes                          Bay Shore Facility  One Corporate Drive Hauppauge, NY  11788
**Was Shipment in Storage?**            **If Yes, Where.**

## DETAILED STATEMENT OF LOSS OR DAMAGE

| INVENTORY NUMBER | DESCRIPTION OF ITEM NATURE OF CLAIM | ACQUIRED DATE | ORIGINAL COST | AMOUNT NOW CLAIMED |
|---|---|---|---|---|
| Multiple | Dents, scratches, and extensive damages to wooden surfaces and structures, see pictures. | 5/5/17 | $300,000 | $130,000 - $155,000 See attached email quote from Fetzer Woodworking, the original manufacturers. |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Any person who knowingly and with intent to defraud any insurance company, files a statement of claim containing any materially false information, conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, is a crime.

**STATE:** ___New York___                **COUNTY** ___New York___

I, ___Curtis Calder___ certify that I am the true and lawful owner of the items listed above.  The above claim is true and correct to the best of my knowledge.  All claims for loss or damage incurred during transport or storage.  No pertinent information was withheld and the above constitutes my entire claim against the Carrier.  The actual cash value of my shipment was $ ___$200,000___.

*Curtis Calder*
**Signature**

Subscribed and sworn to before me on the ___20th___ day of ___June___, 20_17_, by *Emily Sumsion*

# UNIFORM STRAIGHT BILL OF LADING
ORIGINAL - NOT NEGOTIABLE


**Godfrey** *Trucking Inc.*

287099

6173 West 2100 South • West Valley City, UT 84120 • (801) 972-0660 • Fax (801) 972-0709
*"Large Enough to Serve You • Small Enough to Care"*

DATE 5/8/17

| | |
|---|---|
| TO:<br>CONSIGNEE | [Consignee]<br>[Phone]<br>[Number] |

SR # ___ 216722 ___   TO # ___

On COD Shipments the letters "COD" must appear before consignee's name.

STREET

DESTINATION

CITY/ST/ZIP    Las Vegas, NV

FROM:
SHIPPER    Bayshore Moving + Storage

STREET    1 Corporate Drive

ORIGIN

CITY/ST/ZIP    Hauppage, NY

FOR PAYMENT, SEND BILL TO:

NAME

STREET

CITY/ST/ZIP

SHIPPER'S REFERENCE P.O. NO.

**C.O.D.** AMT. $ ___    FEE PPD ☐    COLLECT ☐

Is the customer's check acceptable for C.O.D?    If no box checked, the customer's check will not be accepted.    YES ☐  NO ☐

Remit COD to address shown below. Payment must be Cash, Certified or Cashier's Check or Money Order.

Freight Charges
are PREPAID
unless marked collect.

CHECK BOX IF COLLECT ☐

FOR FREIGHT COLLECT SHIPMENTS:
If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement.
The Carrier may decline to make delivery of the shipment without payment of freight and all other lawful charges.

_____
(Signature of Consignor)

SPECIAL INSTRUCTIONS:

| NO. SHIPPING UNITS | H/M | KIND OF PACKAGING, DESCRIPTION OF ARTICLES, SPECIAL MARKS & EXCEPTIONS | WEIGHT (SUBJECT TO CORR.) | CLASS | CHARGES |
|---|---|---|---|---|---|
| | | Store Fixtures | | | |
| | | Documented Damages comparing to pre-load. Have pictures after arrival | | | |

SHIPPER LOAD & COUNT    INITIALS
YES ☐  NO ☐

* Mark with "X" or "RQ" if appropriate to designate Hazardous Materials or Hazardous Substances as defined in the Department of Transportation Regulations governing the transportation of hazardous materials. The use of this column is an optional method of identifying hazardous materials on bills of lading per Section 172.201 (a) (1) (iii) of Title 49, Code of Federal Regulations. Also, when shipping hazardous materials, the shipper's certification statement prescribed in Section 172.204 (a) of the Federal Regulations, as indicated on the bill of lading, does apply, unless a specific exception from the requirement is provided in the regulations for a particular material.

NOTICE: Freight moving under this bill of lading is subject to tariffs with Federal DOT, Surface Transportation Board, (previously ICC), or filed and maintained at Godfrey Trucking's principal place of business. This notice supersedes and negates any claimed oral or written contract, promise, representation or understanding between the parties except of any written contract signed by both parties to the contract.

GODFREY TRUCKING, INC. LIABILITY: Shipper agrees to limit carrier's liability for loss, damage or other occurrence to .50 cents per pound per damaged or lost item of cargo. The agreed value on household goods, used machinery, or personal effects does not exceed ten cents (.10) per lb., unless, prior to tender of the shipment to carrier, 1) shipper declares a higher value in the box provided on the bill; and 2) shipper pays an additional charge (as set forth in carrier's tariff); and 3) carrier's authorized agent agrees in writing to transport the shipment after having been notified of the higher declared value (carrier's driver is not an authorized agent for the purpose of this provision). Shipper agrees to indemnify, defend, hold carrier harmless from and against any and all claims in excess of that amount brought by any other parties to the transaction, or persons claiming an interest therein. In the event collection procedures become necessary the shipper or consignee will pay interest at 1.5% per month and all costs of collection including attorney's fees and jurisdiction will be Utah.

NOTE: Shippers are required to state specifically in writing the agreed or declared value of the property. If the value is declared the shipment will be subject to the lowest actual or released value.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

$ _____
per _____ (if per pound, per article).

INITIALS

Shipper's signature certifies that the above named materials are properly classified, described, packaged, marked and labeled and are in proper condition for transportation, according to the applicable regulations of the Department of Transportation.

Driver Signature _____    Trailer No. 58883    Seal No. ___    Date: 5/8/17

SHIPPER NAME    Victor Padilla

SHIPPER SIGNATURE _____

If signing for skids or pallets, so indicate. If signing for actual number of pieces, so indicate. If signing for SWP ETC, so indicate.

CONSIGNEE SIGNATURE: Received in good order, unless otherwise noted    DATE
X _____    5/8/17

PRINTED LAST NAME

INTERNAL

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

**BAY SHORE MOVING & STORAGE, INC.**

| ITEM NO. | CR. REF. | ARTICLES | CONDITION AT ORIGIN | EXCEPTIONS (IF ANY) AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|
| 20 | | Sm Box Pro | CY | | |
| 1 | | Sm Box Pro | CY | | 1 |
| 2 | | Sm Box Pro | CY | | 2 |
| 3 | | Sm Box Pro | CY | | 3 |
| 4 | | Sm Box Pro | CY | | 4 |
| 5 | | Sm Box Pro | CY | | 5 |
| 6 | | Sm Box Pro | CY | | 6 |
| 7 | | Sm Box Pro | CY | | 7 |
| 8 | | Sm Box Pro | CY | | 8 |
| 9 | | Sm Box Pro | CY | | 9 |
| 210 | | Sm Box Pro | CY | | 0 |
| 1 | | Sm Box Pro | CY | | 1 |
| 2 | | Sm Box Pro | CY | | 2 |
| 3 | | Sm Box Pro | CY | | 3 |
| 4 | | Sm Box Pro | CY | | 4 |
| 5 | | Sm Box Pro | CY | | 5 |
| 6 | | Sm Box Pro | CY | | 6 |
| 7 | | Sm Box Pro | CY | | 7 |
| 8 | | Sm Box Pro | CY | | 8 |
| 9 | | Sm Box Pro | CY | | 9 |
| 220 | | Boath Section | 8.9-9-12-CY-Sc-9 | | 0 |
| 1 | | 8.9-sc-6 | 4-8-12-SC-2 | | 1 |
| 2 | | Broath Section | 2.5-9-12-4.CY | | 2 |
| 3 | | 8.9-8.12 CY, 10.5-2-CY 12.14-CY | | | 3 |
| 4 | | Boath Section | | | 4 |
| 5 | | Broath Section | 4.8-9-17 CY, G, 2-11-V-6-CY | | 5 |
| 6 | | 8.12.4 CY.SC | 5-9-2-3 CY-6 5.9-2-12SC-2 | | 6 |
| 7 | | Flat Piece | P/D | CY | | 7 |
| 8 | | Flat Piece | P/D | CY | | 8 |
| 9 | | Sm Box | P/O | CY | | 9 |
| 230 | | Fl-1 Box | D/D | CY | | 0 |

**REMARKS/EXCEPTIONS:** Nobody was there to sign

TAPE LOT NO. AA 5094
NOS. FROM 201 THRU 230
TAPE COLOR Green

**WARNING** → BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

AT ORIGIN — CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) — DATE 5-5-17

AT DESTINATION — CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) — DATE

WILBUR PRINTING • 800-999-6690 • www.wilburprinting.com

FORM 1180-S REV. 5/98

# HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

**BAY SHORE MOVING & STORAGE, INC.**

| SHEET NO. | ITEM NO. | ARTICLES | CONDITION AT ORIGIN | | EXCEPTIONS IF ANY AT DESTINATION | ITEM NO. |
|---|---|---|---|---|---|---|
| 23 | 1 | Sm Flat Piece Pad | C 4 | | | |
| | 2 | Sm Flat Piece Pad | C 4 | | | 1 |
| | 3 | Flat Piece Pad | C 4 | | | 2 |
| | 4 | Flat Piece Pad | C 4 | | | 3 |
| | 5 | Flat Piece Pad | C 4 | | | 4 |
| | 6 | Sm bundle Pad | C 4 | | | 5 |
| | 7 | Long bundle Pad | K 4 | | | 6 |
| | 8 | med bundle Pad | C 4 | | | 7 |
| | 9 | Booth Section 9-4-12-13 CH, 14-5-12-C4 | | | | 8 |
| 24 | 0 | 6, 10, 14 - V | 36 | | | 9 |

ITEM NO. REMARKS/EXCEPTIONS: *nobody there to sign*

**WARNING** → "WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO ____ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF THE STATE OF THE GOODS RECEIVED"
BEFORE SIGNING CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT ABOVE.

TAPE LOT NO. 441-94  NOS. FROM 231 THRU 24

| AT ORIGIN | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE 5-5-17 | AT DESTINATION | CONTRACTOR, CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT | | | OWNER OR AUTHORIZED AGENT | DATE |

FORM 1100-S REV. 5/99

# EXHIBIT D



"Large Enough to Serve You • Small Enough to Care"
Business Since 1965

# NEW CUSTOMER REQUIREMENTS

Please fax the following information to 801-908-0767.  Your account must be approved for credit before our driver can be dispatched.

## BROKER

1. Completed Credit Application signed by President or Owner
2. Copy of Contract Authority
3. Copy of Surety Bond
4. Credit Card Information (upon request)

## SHIPPER, CONSIGNEE OR BILL TO

1. Completed Credit Application signed by President or Owner
2. Credit Card Information (upon request)

Thank you,

Godfrey Trucking, Inc.

6173 West 2100 South • West Valley City, UT 84128 • (801) 972-0660 • 1-800-444-7669 • Fax (801) 908-0767

## AGREEMENT

Applicant hereby applies for an extension of credit on the payment of freight charges to Godfrey Trucking, Inc., (Carrier) and represents as follows:

1. That the person executing this application and Agreement is authorized to do so;
2. That the applicant is financially responsible, and all statements contained in this Application are true and correct;
3. That Godfrey Trucking, Inc., is hereby authorized to obtain any information it considers necessary from any credit-reporting source concerning applicant and applicant's credit history;
4. That payment of any extensions of credit will be made to Godfrey Trucking, inc. with thirty (30) days of receipt of invoice or freight bill;
5. That in the event of default, jurisdiction is the State of Utah, and applicant will pay all costs of collection, including attorney's fees equivalent to 40% of the amount due, interest at the rate of 18% per annum, and all court costs;
6. That the applicant will not offset any claims of any nature whatsoever, including claims for damage or loss, against freight bills due carrier;
7. That applicant will forthwith notify Carrier if applicant becomes insolvent or otherwise unable to meet its current obligations as they become due.
8. That to induce Carrier to grant credit, the party executing this Application in applicant's behalf personally guarantees all obligations of applicant.
9. All Airfreight shipments will be accepted without a hard copy bill of lading.

Dated the____ day of_____, 20___     By:_____
                                                              Signature

_____     _____
        Company Name                              Print/Title

Personal and continuing GUARANTEE TO Godfrey Trucking, Inc:

In the consideration of the extension of credit to the above named purchaser, the undersigned, as guarantor hereby personally and individually guarantees to Godfrey Trucking, Inc, that the above named purchaser will fully and promptly perform its present and future obligations to Godfrey Trucking, Inc. In the event of default, the guarantor agrees to pay all balances due, as well as service charges, reasonable attorney's fees and costs incurred in due course of any collection action taken as outlined in the Credit Agreement above. That in the event of default, jurisdiction is the State of Utah.

This guarantee shall be enforceable without first resorting to, or exhausting any remedies against purchaser, or any other party. Notice of acceptance of this guarantee is waived as well as notice of default in the event that Purchaser fails to satisfy any indebtedness covered by this guarantee. This may be cancelled by the undersigned at any time of receipt of written notice by Certified US Mail addressed to Godfrey Trucking, Inc. at 6173 West 2100 South, West Valley City, UT 84128. Cancellation may I will result in immediate default of the Credit Agreement terms and all debts incurred prior to receipt of cancellation shall be due and payable in full prior to release of guaranty.

The undersigned authorizes Godfrey Trucking, Inc., or its Agents to secure a credit report and agree to the release of credit information. This authorization shall be continuing without expiration and a photocopy or fax copy shall be given the same effect as the original. The undersigned as [an] individual(s) hereby knowingly consent(s) to the use of any such credit report(s) consistent with the Federal Fair Credit Reporting Act as contained in 15 U.S.C.@ 1681 et seq.

Signed_____     Date_____   S.S.#_____
              Guarantor

Signed_____     Date_____   S.S.#_____
              Guarantor

# EXHIBIT E

Law Offices of
MICHAEL W. GOLDSTEIN
299 Broadway
Suite 800
New York, New York 10007
Telephone: (212) 571-6848
Fax: (212) 619-6743
email: mwglawyer@gmail.com

July 21, 2017

Bay Shore Moving and Storage Inc.
One Corporate Drive
Hauppauge, NY 11788
Attn:   Brenda Brooks, Claims Manager
phone            631-231-1313 ext. 106
fax              631-231-1375
email            Bbrooks@BayShoreMoving.com

Re:     My Client:     Anson Calder LLC
        Matter:        Anson Calder LLC v. Bay Shore Moving and Storage Inc.
        Claim for Damage to Furniture and Fixtures

Dear Ms. Brooks:

I am the attorney representing Anson Calder, LLC., a New York City-based company that recently used Bay Shore Moving and Storage Inc.'s services to pack and protect, load and move Anson Calder's property from 185 Greenwich Street, New York, NY 10007 to your warehouse in Hauppauge, New York, and to then load Anson Calder's property onto the interstate mover's truck.

In the course of your employees performing these tasks, my client's property sustained significant damage. The damage was caused solely as a result of Bay Shore's employees' mishandling and inadequate packing and protecting of Anson Calder's furniture and fixtures. My client submitted a Standard Proof of Loss and Damage Claim Form, as requested by Bay Shore Storage Warehouse, Inc. My client has also submitted photographs of some of the property before and after it was damaged by your employees. Since some of the damage was concealed by the packing materials (cardboard, tape, plastic wrap, etc.), some damage was not discovered until the pieces were being off loaded at the final destination, or immediately after they were off loaded at the final destination.

My client also sent you a rough estimate of the repair costs ($130,000 to $155,000) prepared by Fetzer Woodworking, which is the manufacturer of the items, and therefore most qualified to assess and repair the damage. As the estimate states, the exact cost would be computed on a time and materials basis, plus Fetzer Woodworking's disbursements, therefore, it

will be determined when the repair work is completed.  Nevertheless, I would like to reach an agreement that Fetzer Woodworking's final invoice will be paid by your company or its insurer. As you know, my client accepted and paid for insurance in the sum of $200,000.

Since the repair costs may approach the cost of replacing the items, another alternative might be to simply obtain an estimate for the replacement of the items, thereby assuring your company and/or insurance company of a sum certain, rather than an indeterminate amount.

Please contact me, or if your company is represented by an attorney, please have the attorney contact me, in regard to this matter.  Also, please reply with the name, address, phone, fax, and email of the insurance company from whom the $200,000 insurance policy was purchased, as well as the name, phone, fax, and email of the claims adjuster handling this claim, and the policy number and claim number.

In the event that you do not provide the requested information, or if we are unable to reach an amicable resolution, we will have no alternative but to commence litigation without further notice.

Thank you for your anticipated kind cooperation, and prompt reply.  Please reply by email to expedite our communication.

Very truly yours,

Michael W. Goldstein

# EXHIBIT F



**YORK**

York Risk Services Group, Inc.
PO Box 619079
Roseville, Ca. 95661
Telephone: 916.746.6316
Fax: 800.921.7683
Patrick.Boylan@yorkrsg.com

May 23, 2018

Law Office of
Michael W. Goldstein
299 Broadway , Suite 800
New York, NY    10007

RE:    Our Insured: Bay Shore Moving & Storage, Inc
Shipper: Anson Calder LLC
Date of Loss: 05/05/2017
York Claim Number: LXYG-8490A2
Damage: damage to store fixtures and furniture

Dear Michael W Goldstein :

York Risk Services Group, Inc. is the claims handler for Granite State Insurance Company, which insures Bay Shore Moving & Storage, Inc for this loss.  We have completed our investigation of the above-referenced claim and would like to take this opportunity to share our findings with you.

Please understand that our obligation as an insurer is not to pay all claims, but to pay only those claims for which our insured is legally responsible.

Our insured transported the furniture and fixtures from the World Trade Center, New York to their warehouse located at One Corporate Drive, Hauppauge, NY on May 5, 2017.  The furniture and fixtures had been packed by owner and were waiting for pickup at the dock. Our insured picked them up from the dock noted packed by owner and condition unknown and transported them to their warehouse.

They waited for Godfrey Trucking to arrive to transport them to Las Vegas, NV. On May 8th, 2017, Godfrey Trucking arrived and my insured loaded the fixtures and furniture. There were no exceptions or damages noted by Godfrey Trucking and the bill of lading was signed all received in good order.

Our findings indicate our insured and his employees were not negligent or responsible for the damaged fixtures and furniture. Therefore, we must respectfully decline any payment under the cargo portion of our insured's policy.

If you believe the above referenced claim has been wrongfully denied in whole or in part, you may have this matter reviewed by state's department of insurance as follows;

New York Consumer Assistance Unit
NYS Department of Financial Services
One Commerce Plaza
Albany, NY 12257

The above information is advisory only and is not intended to either encourage or discourage you from contacting the NYS Department of Financial Services. If you elect to send any correspondence regarding our position concerning this claim, we ask that you pleas forward us copies of all such correspondence.

If you are aware of any facts or circumstances you believe we have overlooked, or of which we are unaware, please call them to our attention as soon as possible. We will be pleased to consider any information you may have in attempting to determine or evaluate Granite State Insurance Company's potential obligations.

Our decision is based upon the information made available to date. If you have any additional information, which you believe may affect our determination we ask that you please send this to us for our review.

Should you have any questions or concerns regarding this matter, please feel free to either e-mail at Patrick.Boylan@yorkrsg.com or contact me at (916) 746-6316.

Sincerely,

Patrick J Boylan

Patrick Boylan
York Risk Services Group
On behalf of for Granite State Insurance Company