E. Barney Gesas (1179)
THE LAW OFFICE OF E. BARNEY GESAS PLLC
125 N. T Street, No. 1
Salt Lake City, Utah 84103
Telephone: 801.537.4772
*ebgesas@gesaslaw.corn*
*Attorneys for Anson Calder, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANSON CALDER, LLC<br><br>　　　　　　　　Plaintiff<br><br>　　v.<br><br>BAY SHORE MOVING & STORAGE;INC.; GODFREY TRUCKING, INC.; YORK RISK SERVICES GROUP, INC. and JOHN/JANE DOES INSURANCE COMPANIES AND AGENTS,<br><br>　　　　　　　　Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:18-cv-00571 |

Plaintiff (AC), pursuant to Rule 15-1 of the Federal Rules of Civil Procedure and DUCivR 15-1, move the Court for leave to file the proposed amended complaint, attached as **Exhibit A**.

## REQUESTED RELIEF

AC requests this Court grant it leave to file the attached proposed amended complaint.

## GROUNDS FOR MOTION

The grounds supporting this motion are:

1. One of the named parties, Bay Shore Moving & Storage, Inc (Bay Shore) has been timely and properly served the original complaint filed in this action in the Third District Court, Salt Lake County on June 14, 2018. To date Bay Shore has not made an appearance. The undersigned legal counsel for AC has informed counsel for the other named defendants, and also informs the Court that it did not receive the necessary proof of service of the Complaint on Bay Shore.

2. There is pending before this Court a Motion to Dismiss for lack of subject matter jurisdiction by the Defendant Godfrey Trucking, Inc. (Godfrey). Godfrey's Rule 12(b)(6) motion to dismiss is based upon the federal doctrine of preemption under the Carmack Amendment, 49 U.S.C. §§13101 *et see.* (the ACT). Godfrey claims that the Complaint filed by AC asserting only state common law claims is preempted under the Act.

3. AC on August 14, 2018 responded to Godfrey's Motion to Dismiss in which it conceded the Act controls and governs in part AC's claims but does not otherwise preclude it from seeking remedies before this Court under the Act and 49 U.S.C. A. § 14706 (a)(1)(2) (Liability of carriers and freight forwarders under receipts and bills of lading). Accordingly, the Act and the cited foregoing federal statute governing claims of shippers against carriers and freight forwarders fully supports AC's motion for leave to file an amended complaint.

4. This motion has been timely filed and made without undue delay or prejudice to any of the defendants.

5. The supporting law governing this motion to leave.

## PROCEDURAL BACKGROUND AND FACTS

This action was originally filed by AC in the Third District Court, Salt Lake County, State of Utah. Thereafter, it was removed to this court by Godfrey. The removal to this court is not contested by AC. [ECF:2]

AC is a Utah LLC, headquartered in Utah, that designs, manufactures and sells on the internet and from a single retail store, located in the City Creek Center in Salt Lake City, Utah, high-end travel accessories made of various high quality leathers. AC's claims against the named defendants arise out of and relate to the shipping of custom made display cases from New York State to Las Vegas, Nevada that had a value of $200,000 or greater. Which the unloading of the shipped items in 2017 in Las Vegas, Nevada it has been alleged by AC in this action the transported goods from New York by Godfrey and Bay Shore in New York City have been significantly damaged and thereby precluded AC from being able to assemble and open a new retail outlet in Nevada. AC then moved its operations to Salt Lake City, Utah. AC seeks appropriate relief in this action under various documents it has already submitted to this court attached both as exhibits to the original state complaint and the recent Declaration of Curtis Calder filed concurrently with AC's Response in Opposition to Godfrey's pending Motion to Dismiss.

## LEGAL ARGUMENT

The United States Supreme Court has stated that "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." *Foman* 371 U.S. at 182.

Here, there is no undue delay in AC's request. as this action was originally commenced in the Utah Third District Court, Salt Lake County on June 14, 2018 and removed to this Court on July 18, 2018. There is also no bad faith or dilatory motive on the part of AC to seek leave. AC seeks only to assert that, if the Court does determine there is an issue of the Act creating preemption, that amended pleadings should "facilitate a proper decision on the merits" of this case. Lastly, there is no undue prejudice or futility in the proposed amendment.

The controlling legal authorities upon which Godfrey relies in seeking to dimiss AC's Complaint under the doctrine of federal preemption is tied to the Act. *See SOMPO Japan Ins. Co. Of America v. VIP Transport*, 568 F.Supp.2d 1080, 1084 (N.D. Cal. 2008) ("However, it appears from the facts alleged that Plaintiff can amend its pleading to state a claim under the Carmack Amendment. Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend."); *Korer v. Danita Corp.*, 584 F.Supp.2d 1103, 1106 (N.D. Ill. 2008) (Although Plaintiff's claims were preempted by the Carmack Amendment "Plaintiff is granted thirty days to file an amended complaint in this federal action" in order to include claims falling under the Carmack Amendment.); *Hall v. North American Van Lines, Inc.*, 476 F.3d 683. 686 (9th Cir. 2007) ("The district court granted Hall leave to amend her complaint to state an express Carmack Amendment claim"); *Tanus Cabinets Designs, Inc. v. Central Transport, LLC*, 2:14-cv-00059-GMN-VCF (D.Nev., July 30, 2014) (Plaintiff granted leave to amend its Complaint to comply with Carmack preemption).

It is respectfully submitted that because the requirements of Rule 15, *Foman* and the controlling case law applicable to this motion are met by AC and leave should be granted to amend and file the proposed Complaint attached to this motion.

## CONCLUSION

For the foregoing reasons, AC respectfully requests leave to amend.

DATED this 1st day of October, 2018

THE LAW OFFICE OF E. BARNEY GESAS PLLC

/s/ E. Barney Gesas
E. Barney Gesas
*Attorney, for Anson Calder, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, with electronic notification from the court going to the following, on this 1st day of October, 2018:

Gary T. Wight
Smith D. Monson
Kipp and Christian, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, UT **84111**
gwight@kippandchristian.com
smonson@kippandchristian.com
*Attorneys for Godfrey Trucking, Inc.*

Mark A. Nickel
Gordon & Rees
222 Main Street, 5th Floor
Salt Lake City, UT 84101
mnickel@grsm.com
*Attorneys for York Risk Management*

Bay Shore Moving and Storage, Inc.
Attn: Brenda Brooks, Claims Manager
One Corporate Drive
Hauppauge, NY 11788

/s/E. Barney Gesas

# EXHIBIT A

E. Barney Gesas (1179)
THE LAW OFFICE OF E. BARNEY GESAS PLLC
125 N. T Street, No. 1
Salt Lake City, Utah 84103
Telephone: 801.537.4772
*ebgesas@gesaslaw.corn*
*Attorneys for Anson Calder, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANSON CALDER, LLC<br><br>                 Plaintiff<br><br>v.<br><br>BAY SHORE MOVING & STORAGE;INC.; GODFREY TRUCKING, INC.; YORK RISK SERVICES GROUP, INC. and JOHN/JANE DOES INSURANCE COMPANIES AND AGENTS,<br><br>                 Defendants. | **PROPOSED SECOND AMENDED COMPLAINT**<br><br>Case No. 2:18-cv-00571<br><br>Judge Dale Kimball |

Plaintiff, Anson Calder, LLC (AC), alleges against the defendants Bay Shore Moving & Storage, Inc. (Bay Shore), Godfrey Trucking, Inc. (Godfrey), York Risk Services Group, Inc. (York) and John/Jane Does (John Does).

## PARTIES

1.    AC is a Utah Limited Liability Company and has relocated its headquarters from Manhattan, New York to Salt Lake City, Utah.

2. Bay Shore is a New York Corporation engaged in the business of inter-state long-haul trucking, loading, packing, unloading and storing various goods for inter-state transportation.

3. Godfrey is a Utah Corporation engaged in the business of long-haul trucking, a trucking broker and agent arranging for inter-state long-haul transportation.

4. York, on information and belief, is a risk services group with its principal offices and headquarters located at One Upper Pond Road, Building F-4, Parsippany, New Jersey 0754.

5. York, on information and belief, is engaged in the nationwide and international business of underwriting and insuring various high-risk insureds including inter-state motor carriers throughout the United States, including those doing business in Utah, such as Bay Shore and Godfrey.

6. The John Doe defendants are believed to be other individuals and business entities that may have been responsible and involved in causing the damage to the personal property and goods owned by AC and transported in inter-state commerce by Bay Shore and Godfrey. JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1441 (Removal), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1332 (Diversity) and 28 U.S.C. § 1337 (Carmack Amendment).

## VENUE

8. Venue is proper to 28 U.S.C. § 139 and 49 U.S.C. § 14706(d)(1).

## STATEMENT OF FACTS

9. On or about May 5. 2017 AC entered into a transportation contract with Godfrey and an "Advice of Coverage" for insurance by Godfrey's insurance carrier for coverage and protection of the real property and personal goods to be loaded and transported from New York. New York to Las Vegas. Nevada by Godfrey and Bay Shore only in New York.

The Advice of Coverage required insurance coverage of the to be transported personal business property and inventory of a required fair market value of $200.000, less a $1.500.00 deductible. A copy of the Advice of Coverage is attached as **Exhibit A**.

10. AC on or about May 8, 2017, entered into a Uniform Straight Bill of Lading (Transportation Contract) with Godfrey acting as a licensed and authorized interstate trucking broker. The Transportation Contract included services to be provided by Godfrey including transport of AC's various goods. inventory and display equipment from New York, New York to Las Vegas, Nevada for installation, display and sales of AC's high-end luxury travel goods. AC elected to contract with Godfrey under the Transportation Contract, based on AC's prior contractual experience with Godfrey in transporting its various custom display furniture and store fronts built by Fetzer Woodworking, located in Salt Lake City, Utah. This past transaction resulted in a commercially positive transportation result for AC. The Transportation Contract is attached as **Exhibit B**.

11. A copy of Godfrey's new customer requirements, agreement and related documentation for brokering and arranging for the Bay Shore shipping contract for AC is attached to this Complaint **Exhibit C**.

12. On information and belief, on or about May 5, 2017, Godfrey and Bay Shore were in regular communication concerning the details and execution of the contracted for transportation services to pack, store, protect. load and move AC's property located at 185 Greenwich Street. New York, NY 10007 to Bay Shore's warehouse in Hauppauge. New York: and then to load AC's property onto the interstate mover's truck for transporting the contracted for items to be transported by Godfrey from New York to Las Vegas, NV.

13. In the course of Bay Shore's employees performing the foregoing tasks AC's property. including its critical store front display custom built furniture, sustained significant damage caused by the result of Bay Shore's employees mishandling and inadequately packing and protecting AC's furniture and fixtures at the time of packing and loading in New York, N.Y.

14. Under AC's contracts with Bay Shore and Godfrey, upon AC's agents and employees learning of Bay Shore's damages caused to AC's personal property, including but not limited to the store front display and inventory displays loaded and transported by Bay Shore in New York to Las Vegas, Nevada, AC notified both Bay Shore and Godfrey of the damaged transported goods as required under AC's contracts with Bay Shore and Godfrey. It is reasonably conceivable that some of AC's damaged goods were caused by Bay Shore during its loading after storing AC's transported goods in its Hauppauge. New York facilities for transportation by Bay Shore and or Godfrey to Las Vegas, Nevada. A copy of AC's damage claims notice is attached as **Exhibit D**.

15. At all relevant times both Bay Shore and Godfrey have either asserted, denied or blamed each other for the various documented damages of AC's transported high-end store display furniture, products and inventory from New York, New York to Las, Vegas, Nevada. It is documented by AC that both during the course of loading in New York and unloading the transported goods by Godfrey to Las Vegas, some of the damages to AC's store displays consisting of custom made wood, falling off pieces during the careful loading and unloading

process and this suggests Bay Shore knew or should have known of the damages it caused to the transported goods at the time of storage, and loading in New York.

16. At all relevant times AC has asserted against and otherwise informed Bay Shore, Godfrey and York of all of its known and well-documented damages that were submitted by AC by numerous e-mails, including photographs to Bay Shore, Godfrey and ultimately York. This included submissions by AC's New York legal counsel. Such damage was either concealed by or Bay Shore knew or should have known that its employees and/or agents caused significant damage to AC's storefront and display items being transported for the specific commercial and business purposes of delivery by Godfrey to AC for installation in Las Vegas, Nevada at the prominent and high-end retail shopping center, The Fashion Mall.

17. Major damage to part of AC's to be transported goods were either or should have been observed during loading and later unloading, all of which has been denied by Godfrey, Bay Shore and York.

18. AC discovered part of the significant and irreparable damages of some of the pieces being off loaded by and transported and stored by Godfrey's or Bay Shore's truck at the final Las Vegas destination. The magnitude of the damages to the transported items could not be readily determined because of the depth of volume of the stored and transported goods could not readily be seen until completion of the entire unloading process.

19. At the time of AC's timely discovery of the damages to his transported contents to Las Vegas by either Godfrey and Bay Shore and in New York it received professional repair estimates of costs ranging in the amount of $130,000 to $155,000 provided by Fetzer Woodworking, located in Salt Lake City, Utah. the manufacturer of the items transported by Godfrey to Las Vegas, Nevada.

5

20. The foregoing repair costs and damages are estimates only and the exact cost could not be computed and on time material basis without further analysis by Fetzer and, if necessary, civil litigation discovery.

21. AC further as a result of Godfrey's and Bay Shore's material breaches of their contracts has had to store all of the damaged display and sales inventory. This is so since AC has not had the necessary cash flow and income required to repair the damaged display furniture and inventory required to mitigate its damages. This is turn has caused AC continuing economic loss of income reasonably foreseeable by Bay Shore and Godfrey at the time of their respective material breaches of the contract.

22. On or about July 12, 2017 AC reteained New York, New York legal counsel, the offices of Michael W. Goldstein, to make a demand and claim for damages to furniture and fixtures to Bay Shore out of the foregoing alleged damages to AC's transported properties. A copy of Mr. Goldsteins's demand letter to Bay Shore is attached as **Exhibit E**. To date Bay Shore and York have denied coverage and have refused to honor the claims of AC being made by and through their New York legal counsel.

23. A copy of York's denial of coverage is attached to this Complaint as **Exhibit F**. York's denial of coverage is, in part. Based on claim Godfrey's and Bay Shore's bill of lading for the contracted transportation of AC's various personal property, high-end furniture, goods and inventory was not listed with sufficient specificity. At all material and relevant times AC has denied York's forgoing denial of coverage claims.

## FIRST CAUSE OF ACTION
(Carmack Amendment to Interstate Commerce Act)

24. Godfrey and Bay Shore are motor carriers as defined by Title 49 of the United States Code, the Federal Motor Carrier Safety Act. Godfrey and Bay Shore provided AC with motor vehicle transportation services, doing so for compensation and they are licensed as motor carriers, *See* 49 U.S.C. § 13102(14).

25. For each of those goods comprising the subject of AC's alleged outstanding cargo claims, the goods were accepted by these initial carriers in good condition. The goods were new and originally manufactured by or under the direction of AC. At no time were they refused by Bay Shore and Godfrey.

26. Each of the identified goods in the foreoing paragraphs and are the subject of the outstanding cargo claims of AC and were delivered to AC damaged, or were lost or stolen as they were never delivered in reasonably satisfactory condition to AC.

27. AC's damages are costs of the shipped goods estimated to be at least $200,000.00, including AC's lost profits and/or the fair market value of the shipped goods and products of AC.

28. Godfrey has not limited its liability under the Carmack Amendment. Godfrey failed to complay with statutory and regulatory prerequisites, including those listed below and others as discovery may reveal. See *Hughes Aircaft v. North American Van Lines,* 970 F.2d 609, 611-612 (9th Cir. 1992).

    a. Per the Interstate Commerce Commission, Godfrey failed to insert appropriate dates, pricing, and shipping information.

      b.     Godfrey did not give AC a reasonable opportunity to select between *two* or more levels of liability. AC expressly objected to Godfrey's tariff, and Godfrey nonetheless continued to assert the same tariff.

      c.     Godfrey did not obtain AC's agreement as to its choice of carrier liability limits, as the only agreement to liability between the parties is set forth in the May 4, 2017 Advice of Coverage. Exhibit A attached to this Complaint.

29.    In the absence of a tariff AC can claim *up to* the full value of the loss; and where the loss of AC's product resulted in the loss of sales, AC claims lost profits or the fair market value of the goods.

30.    Godfrey is estopped from contesting AC's damages because Godfrey failed to investigate, acknowledge, and pay AC's claims as required by law. Godfrey's acts and omissions precluded the prompt disposition of AC's claims, see 49 CRF § 370.9 and Godfrey mishandled lost, and withheld records. See 49 CRF § 370.5(b)(1)-(3).

      a.     Claims have been outstanding for over 90 days.

      b.     Pictures and information withheld by Godfrey show that Godfrey withheld payment without merit.

31.    In addition to the above damages. AC requests its costs. attorney's fees as well as prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
(Contract Liability — Breach of Contract in the Alternative)
(Against Godfrey, Bay Shore and York)

32. Plaintiff incorporates the allegations of the preceding paragraphs as though alleged fully herein.

33. One or more of the goods are not subject to the Carmack Amendment because the parties expressly waived Carmack; AC expressly objected to Godfrey, Bay Shore and York's tariff; Godfrey, Bay Shore and York do not fit the definition of a "common carrier"; and Godfrey, Bay Shore and York have acted in violation of the statute and lost the ability to limit their liability through Carmack.

34. To resolve future disputes, Godfrey and AC came to an enforceable contract under which Godfrey agreed to be liable and pay for the damages associated with losses incurred if (1) Godfrey accepted possession of goods that are damaged, (2) Godfrey delivered goods that are damaged, or (3) the goods are stolen or lost after Godfrey takes possession.

35. The parties also evidenced this agreement through communications, past claims made, and past payment of claims. As such, whether the contract was written or implied, it was reasonable for AC to expect payment for its damaged, lost or stolen goods, and Godfrey knew or reasonably should have known AC's expectation.

36. AC substantially performed under the agreement in all respects, and paid Godfrey for the services provided.

37. Godfrey, Bay Shore and York breached the agreement. Godfrey, Bay Shore and York refused to pay AC for damaged, lost or stolen goods. All of these goods were accepted by

38. Godfrey and Bay Shore, and all of these goods were found damaged. unreturned, or were otherwise lost or stolen. Notwithstanding, Godfrey, Bay Shore and York refused to pay AC for the damaged, lost, and stolen goods.

39. As a result of Defendants' breaches, Plaintiff has been damaged, the amount of compensatory and consequential damages to be determined at trial, plus prejudgment and post judgment interest, costs and attorney fees.

## THIRD CAUSE OF ACTION
(Equitable Remedies — Unjust Enrichment in the Alternative)
(Against Bay Shore and Godfrey)

40. Plaintiff incorporates the allegations of the preceding paragraphs as though alleged fully herein.

41. One or more of the goods are not subject to the Carmack Amendment because the parties expressly waived Carmack; AC expressly objected to Godfrey, Bay Shore's tariff; Godfrey, Bay Shore do not fit the definition of a "common carrier"; and Godfrey, Bay Shore have acted in violation of statute and lost the ability to limit their liability through Carmack.

42. Bay Shore and Godfrey received benefits from AC and had knowledge of, acknowledged, and retained benefits from AC in the form of payment.

43. Bay Shore and Godfrey failed to make shipment of AC's goods, as the same were by Bay Shore and Godfrey's acts or omissions destroyed, stolen, lost, retained, or damaged.

44. Under the circumstances, it is inequitable and unjust for Bay Shore and Godfrey to retain the payments they have received, and/or the value of any goods retained, as Bay Shore and

Godfrey's actions made proper and timely delivery impossible, caused additional expense to AC in the form of replaced goods, and resulted in the loss of business.

49. Under the above circumstances, justice requires — and it would be equitable otherwise — that Bay Shore and Godfrey reimburse AC equal to the payments received for each shipment in which AC's goods were destroyed, damaged, stolen, or lost.

### FOURTH CAUSE OF ACTION
(Declaratory Action)
(Against York)

46. Plaintiff incorporates the allegations of the preceding paragraphs as though alleged fully herein.

47. There presently exists an actual case and controversy *inter-alia* Bay Shore's insurance policy and coverage application to AC's claims and good faith allegations asserted in this Proposed Amended Complaint subject to the Utah Declaratory Judgment Action Act and the Federal Rules of Civil Procedure and applicable controlling federal law against York and John Does defendants.

48. AC is entitled to all of the available relief provided for under the Utah Declaratory Judgment Action Act and the applicable United States Rules of Civil Procedure.

### PRAYER FOR RELIEF

AC prays for judgment against Bay Shore, Godfrey, and York for the following:

1. For Carmack Amendment damages in the amount of $200.000.00, plus lost profits. prejudgment. post judgment interest, court costs, and attorney fees.

2.    For compensatory and consequential damages arising from Godfrey and Bay Shore's breach of contract, plus prejudgment interest and post judgment interest, costs, and attorney fees.

3.    For disgorgement of Godfrey and Bay Shore as unjust enrichment damages, equal in the amount paid by AC for Godfrey and Bay Shore's services, plus prejudgment interest and post judgment interest, costs and attorney fees.

4.    For a Declaratory Judgment against York to declare the scope, amount and any applicable insurance coverage for the benefit of Bay Shore and/or Godfrey to justly compensate AC for its damages asserted in this action against Godfrey and Bay Shore.

5.    Any other relief the Court deems just and equitable under the circumstances.

DATED this 1st day of October, 2018

THE LAW OFFICE OF E. BARNEY GESAS PLLC

*/s/ E. Barney Gesas*
E. Barney Gesas
*Attorney for Anson Calder, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PROPOSED AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, with electronic notification from the court going to the following on this 1st day of October, 2018:

Gary T. Wight
Smith D. Monson
Kipp and Christian, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, UT 84111
gwight@kippandchristian.com
smonson@kippandchristian.com
*Attorneys for Godfrey Trucking, Inc.*

Mark A. Nickel
Gordon & Rees
222 Main Street, 5th Floor
Salt Lake City, UT 84101
mnickel@grsm.com
*Attorneys for York Risk Management*

Bay Shore Moving and Storage, Inc.
Attn: Brenda Brooks, Claims Manager
One Corporate Drive
Hauppauge, NY 11788

/s/ E. Barney Gesas