E. Barney Gesas (1179)
THE LAW OFFICE OF E. BARNEY GESAS PLLC
125 N. T Street, No. 1
Salt Lake City, Utah 84103
Telephone: 801.537.4772
*ebgesas@gesaslaw.com*
*Attorneys for Anson Calder, LLC*

## UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANSON CALDER, LLC<br><br>　　　　　Plaintiff<br><br>v.<br><br>BAY SHORE MOVING & STORAGE, INC.; GODFREY TRUCKING, INC.; YORK RISK SERVICES GROUP, INC. and JOHN/JANE DOES INSURANCE COMPANIES AND AGENTS,<br><br>　　　　　Defendants. | SECOND DECLARATION OF CURTIS CALDER SUBMITTED IN SUPPORT OF ANSON CALDER'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTION DISCOVERY OR IN THE ALTERNATIVE A STAY<br><br>Case No. 2:18-cv-00571<br><br>Judge Dale Kimball<br><br>Magistrate Judge Paul M. Warner<br><br>**(Oral Argument Requested)** |

Curtis Calder declares under penalties of perjury the following facts based upon personal information, knowledge and belief:

1. At all times and continuing to the present since I submitted my first Declaration in this action dated December 14, 2018 (Doc. 44-1) **(Declaration No. 1)**, I continue to be the CEO and one of the principal owners of Anson Calder, LLC (**AC**).

2. I adopt and incorporate by reference in this Declaration **(Declaration No. 2)** Declaration No. 1 submitted in this action.

3. I am personally familiar with, understand, interreacted with both the Defendants Godfrey Trucking, Inc. **(Godfrey)** and Bay Shore Moving & Storage, Inc. **(Bay Shore)** employees, agents and semi-truck drivers arising out of and relating to transportation of AC's transported goods from New York to Las Vegas, Nevada alleged in this action.

4. I am informed by AC's legal counsel of record, Mr. E. Barney Gesas, there is pending before this Court a Motion to Dismiss AC's Complaint filed against Bay Shore for lack of jurisdiction over it in the State of Utah. I have never been nor am I trained to engage in the practice of law concerning the statements I have made in Declaration No. 1 and this declaration.

5. Since the commencement of AC's Complaint in this action I have together with other owners of AC, including my wife, tried to fully understand the status and various issues raised in this action to present. I am further informed by Mr. Gesas that the assertions made by Bay Shore to dismiss this case against them, if granted by the Court, would result in AC having to consider and if necessary, prosecute its claims asserted in this action against Bay Shore in the State of New York.

6. In the event the Court grants Bay Shore's Motion, it would constitute a serious financial hardship to AC, myself, my wife, prospective investors and partners in AC since AC continues to operate its single retail store in Salt Lake City on challenging financial start-up basis.

7. The granting of Bay Shore's Motion would in all probability preclude AC from pursuing its claims against Bay Shore in New York.

8. I further am informed by Mr. Gesas that Godfrey has not challenged the filing of our case and jurisdictional powers of this Court.

9. To the extent Bay Shore has or will assert its lawful rights to seek the dismissal of AC's case against it, from a personal perspective and understanding of entering into the 2017 transportation contracts with Bay Shore and Godfrey, I am finding it hard to see how it could be financially harmed or prejudiced to have the court allow us to have the opportunity to seek the limited discovery from Bay Shore and Godfrey requested in our motion requesting discovery and to stay the court's ruling on Bay shore's motion.

10. As previously indicated in Declaration No. 1, upon having our business' custom display furniture and store fronts built by Fetzer Woodworking transported to Las Vegas, Nevada and then our discovery of the serious damage to all the transported goods causing serious business operations financial and operational hardships, we were no longer able to operate our retail store in Las Vegas, Nevada. After several weeks of trying to operate the store, we had to close it. Because of the described damages and cost of repairs, which we could not afford to undertake ourselves until the insurance coverage issues and claims in this case were resolved, we have had to leave our custom display furniture that operates as a fully functioning stand-alone store, in storage in Las Vegas for now almost twenty months which has caused financial hardship.

11. I am, together with my wife and other prospective investors in AC, we are hopeful we can reasonably resolve this lawsuit in Utah by negotiating a fair and reasonable settlement with both Godfrey and Bay Shore. Doing so to avoid unnecessary legal fees, costs and expenses.

12. It appears personally to myself and my wife that in the event Bay Shore's Motion is granted and this case continues to operate on a prolonged basis our opportunities for a reasonable resolution and good faith and fair settlement of this case will become increasingly difficult if not impossible.

13. I submit this Second Declaration in good faith and with no intention to obstruct and delay the processes of this case or the legal rights of Bay Shore and Godfrey.

DATED this _____ day of February 2019.

_____
Curtis Calder

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **SECOND DECLARATION OF CURTIS CALDER** was electronically filed with the Clerk of the Court using the CMF/ECF system on this 26th day of February 2019:

Gary T. Wight
Kipp and Christian, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, UT 84111
gwight@kippandchristian.com
*Attorneys for Godfrey Trucking, Inc.*

Richard K. Glauser
David A. Glauser
Smith & Glauser, P.C.

1218 East 7800 South, Suite 300
Sandy, UT 84094
rkg@smithglauser.com
dag@smithglauser.com
*Attorneys for Bay Shore Moving & Storage, Inc.*

Julie E. Maurer
James M. Duncan
Lewis Brisbois Bisgaard & Smith, LLP
2929 North Central Avenue, Suite 1700
Phoenix, AZ 85012
Julie.Maurer@lewisbrisbois.com
James.Duncan@lewisbrisbois.com
*Attorneys for Bay Shore Moving & Storage, Inc.*

/s/ E. Barney Gesas