# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANSON CALDER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BAY SHORE MOVING & STORAGE, INC.; GODFREY TRUCKING, INC.; YORK RISK SERVICES GROUP, INC.; and JOHN/JANE DOES INSURANCE COMPANIES & AGENTS. <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:18-cv-00571 <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant Bay Shore Moving & Storage, Inc.'s ("Bay Shore") Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The court held a hearing on the Motion on July 23, 2019. At the hearing, Plaintiff Anson Calder, LLC ("AC") was represented by E. Barney Gesas, Defendant Bay Shore was represented by James M. Duncan and Julie Maurer, and Defendant Godfrey Trucking, Inc. ("Godfrey") was represented by Gary T. Wight. The court took the matter under advisement. The court considered carefully the memoranda and other materials submitted by the parties, as well as the law and the facts relating to the Motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

AC is a limited liability company that recently relocated its headquarters from New York to Utah. At the time AC engaged in the transactions relevant to this case, AC was headquartered in New York and identified itself with a New York address for storage and shipping purposes.

Bay Shore, a New York corporation, provides comprehensive moving services. Its principle place of business is, and has always been, in New York. Godfrey is a Utah corporation engaged in the business of long-haul trucking transportation.

This case arises out of the transportation of various AC goods, inventory, and display equipment ("AC's Equipment"). In early May 2017, AC entered into a Uniform Straight Bill of Lading with Godfrey and Bay Shore. This agreement listed Godfrey as a Licensed Interstate Trucking Broker with the responsibility of transporting AC's Equipment from New York, New York to its final destination in Las Vegas, Nevada. This agreement listed Bay Shore as a Shipper with the responsibility of providing intrastate – in New York only – moving, packing, and storage services in preparation for the interstate move from New York to Nevada.

On or about May 4, 2017, Bay Shore transported AC's Equipment from New York, New York to its storage facility in Hauppauge, New York. AC's Equipment remained in the storage facility until May 8, 2017, at which time Godfrey took possession of AC's Equipment and transported it to Las Vegas, Nevada. AC alleges that its Equipment arrived in Las Vegas damaged. Because of the alleged damage, AC brought the present case against Bay Shore, Godfrey, and York Risk Services Group, Inc. ("York").

In its Second Amended Complaint, AC asserts a cause of action against Bay Shore under the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment") and alternative state law causes of action for Breach of Contract and Unjust Enrichment. AC alleges that Bay Shore's employees mishandled and inadequately packed and protected AC's Equipment at the time of packing and loading in New York, New York, causing significant damage to the property. AC asserts that the nature of the damage shows that either Bay Shore knowingly

concealed the damage or Bay Shore should have known that its employees caused such damage. AC further claims that, as a result of the damage, it has suffered continuing economic loss.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Bay Shore filed a Motion to Dismiss for lack of personal jurisdiction. Bay Shore claims that AC cannot establish personal jurisdiction over Bay Shore in the State of Utah, as the claims in this case have no nexus to the State of Utah and Bay Shore has no contacts of any kind with the State of Utah. In response to Bay Shore's motion, AC filed a Motion for Leave to Conduct Limited Jurisdictional Discovery or in the Alternative Stay. The court granted AC's request to conduct limited jurisdictional discovery relevant to the court's determination of Bay Shore's Motion to Dismiss. After the parties conducted the limited discovery, both Bay Shore and AC filed supplemental briefs.

### A. Personal Jurisdiction

When a court's jurisdiction is contested, "the plaintiff bears the burden of establishing personal jurisdiction over the defendant." *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996) (quoting *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985)). However, in the preliminary stages of litigation, the plaintiff's burden is only to establish a prima facie case that jurisdiction exists. *Old Republic Ins. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). The court accepts the well-pled allegations of the plaintiff's complaint as true unless the defendant contradicts those allegations in affidavits. *Kennedy v. Freeman*, 919 F.3d 895, 903 (10th Cir. 2017); *see Associated Elec. & Gas Ins. Serv. v. Am. Int'l Grp., Inc.*, No. 2:11CV386 DAK, 2012 U.S. Dist. LEXIS 10341, at *5 (D. Utah Jan. 27, 2012) ("[T]he party attempting to establish personal jurisdiction may rely on the allegations in the complaint only to the extent they are

uncontroverted by the defendant's affidavits."). If parties submit conflicting affidavits, the court resolves any factual disputes in the plaintiff's favor. *Kennedy*, 919 F.3d at 903.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Utah's long-arm statute extends jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment. Utah Code Ann. § 78B-3-201(3). Under the due process clause, a court may exercise jurisdiction over a defendant if (1) the defendant purposefully established minimum contacts" with the forum, and (2) the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Old Republic*, 877 F.3d at 903 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

Courts recognize two types of personal jurisdiction – general and specific. In order to support general jurisdiction, the defendant's contacts "with the State [must be] so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317). Bay Shore is a New York Corporation with its principle place of business in Hauppauge, New York. Bay Shore does not own any property in Utah, has never maintained a physical office in Utah, and is not authorized to conduct business in Utah. Moreover, AC has failed to dispute these facts. Accordingly, the court finds that Bay Shore's affiliations do not render it "essentially at home" in the State of Utah. *See id*.

Specific jurisdiction, on the other hand, is case specific. *Old Republic*, 877 F.3d at 904. Courts in the Tenth Circuit conduct a three-part analysis when considering specific jurisdiction: (1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the court's exercise of

4

jurisdiction would be reasonable. *Id*. The purposeful direction requirement cannot be fulfilled by "[r]andom, fortuitous, or attenuated contacts … [or] the unilateral activit[ies] of another party or third person." *Id*. at 904-05 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Rather, purposeful direction requires that the defendant's "suit-related conduct … [creates] a substantial connection with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919 (finding that specific jurisdiction "depends on an affiliation between the forum and the underlying controversy"); *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1072 (10th Cir. 2008) (finding defendant purposefully directs its actions at the forum state if it is aware "that the brunt of the injury would be felt in the forum state"). Therefore, the forum state should be the "focal point both of the story and the harm suffered." *Walden*, 571 U.S. at 287.

In this case, Bay Shore's "suit-related conduct" did not extend beyond the moving, packing, and storage services it provided solely in the State of New York. *See id*. The ultimate destination of AC's equipment was the State of Nevada with no indication that it was to ever pass through the State of Utah. There is simply no assertion that anything occurred in Utah. Moreover, the court finds that AC's unilateral selection of Godfrey, as a third party transportation company, has no effect on this court's jurisdiction over Bay Shore. Although Godfrey is a Utah corporation, the Supreme Court has made clear that unilateral acts are insufficient for the purposes of personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980); *Kulko v. Super. Ct. of Cal.*, 436 U.S. 84, 94 (1978); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Additionally, *NII Brokerage LLC v. Roadway Express, Inc.*, a case from the United States District Court for the District of New Jersey, has striking similarities to the present case. No. 07-

5125 (HAA), 2008 U.S. Dist. LEXIS 64784, at *2-15 (D.N.J. July 18, 2008). In *NII Brokerage*, the plaintiff sued multiple carriers in a New Jersey court for cargo damage related to an interstate shipment from New Jersey to New York. *Id.* at *2-5. The plaintiff had contracted with a single interstate transportation carrier, which then hired two New York agents to conduct the intrastate shipments between several New York locations. *Id.* at *2. A New York agent moved to dismiss the claims against it based on its lack of contacts with the forum state. *Id.* at *5. The personal jurisdiction question in *NII Brokerage* is arguably a closer call than the one at hand, because the final destination of the shipment was New Jersey – the forum state. Id. at *2. However, the court for the District of New Jersey found a lack of personal jurisdiction over the defendant agent because "personal jurisdiction cannot be based on the unilateral activity of a third party." *Id.* at *15.

In this case, AC's Equipment was shipped from New York to Nevada and Utah has nothing to do with the "focal point of the story and the harm suffered" by AC. *See Walden*, 571 at 287. Because Bay Shore's involvement was confined to the State of New York, AC has failed to assert facts that would support personal jurisdiction over Bay Shore in the State of Utah. Accordingly, the court concludes that asserting personal jurisdiction over Bay Shore would be improper.

**B. Carmack Amendment**

AC's suggestion that the Carmack Amendment allows plaintiffs to choose a forum State even if the necessary minimum contacts are absent is incorrect. Several courts have rejected similar arguments where the plaintiff "conflates the question of proper venue [under the Carmack Amendment] with the question of whether personal jurisdiction is properly exercised over a non-resident defendant." *JM-Nipponkoa Ins. Co. v. Dove Transp. LLC*, No. 1:14-cv-202,

2015 U.S. Dist. LEXIS 3081, at *7 (S.D. Ohio Jan. 12, 2015) ("The court therefore rejects Plaintiff's argument that personal jurisdiction over [defendant] is established by virtue of the Carmack Amendment's venue provision."); *see Tokio Marine & Nichido Fire Ins. Co. v. Flash Expedited Services*, Civil Action No. 11-6109 (MLC), 2012 U.S. Dist. LEXIS 163399 (D.N.J., Nov. 15, 2012) (construing the Carmack Amendment as a venue provision, not one conferring personal jurisdiction). The Carmack Amendment's "venue provision do[es] not trump the question of personal jurisdiction.… Although the [Carmack] Amendment allows actions to be brought in two potentially different venues, the statute's specific venue provisions are not a substitute for personal jurisdiction." *Winona Foods, Inc. v. Kennedy, Inc.*, No. 07-C-1003, 2008 U.S. Dist. LEXIS 51578 (E.D. Wisc., June 26, 2008). Therefore, the court is persuaded that "the Carmack Amendment does not contain any provisions that would change the normal personal jurisdiction analysis." *Cioppa v. Schultz*, No. SA-16-cv-747-XR, 2016 U.S. Dist. LEXIS 156066, at *3 n.2 (W.D. Tex. Nov. 10, 2016).

**C. Request for Reasonable Attorney's Fees**

In its supplemental brief, Bay Shore asks the court to award it reasonable attorney's fees and costs related to supplemental briefing. Bay Shore argues that AC's failure to concede on this motion after the close of jurisdictional discovery wasted the parties' and the court's valuable resources. The court, however, believes that AC proceeded in good faith and declines to award fees or costs.

## CONCLUSION

Based on the above reasoning, Defendant Bay Shore's Motion to Dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), is GRANTED. Plaintiff AC's Complaint against Bay Shore is dismissed without prejudice.

7

DATED this 30th day of July, 2019.

                      BY THE COURT:

                      _____
                      DALE A. KIMBALL,
                      United States District Judge